UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM FERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>D. DAVIS,<br><br>　　　　Defendant. | Case No. 24-cv-03187-JST<br><br>**ORDER OF PARTIAL SERVICE** |

Plaintiff, an inmate at Pelican Bay State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Now before the Court for review pursuant to 28 U.S.C. § 1915A is Plaintiff's complaint, ECF No. 1. Plaintiff has paid the filing fee.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

2  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

3  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

4  cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

5  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a

6  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

7  violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

8  U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names as defendant PBSP officer D. Davis and alleges as follows:

To enter or exit the institutional transport van, an inmate must go up or down several high arching steps. The van lacks handrails to support passengers entering or exiting the van. The van also lacks signage warning passengers of potential injury from ascending or descending these stairs. Defendant Davis is aware that inmates regularly injure themselves entering or exiting the institutional transport van. On June 12, 2023, defendant Davis was responsible for escorting Plaintiff back to his housing unit from the medical specialty clinic. John Doe No. 1 put Plaintiff in full body restraints, i.e. handcuffs on both wrists and waist-chains, which resulted in Plaintiff having little physical equilibrium and being unable to protect himself in the event of a fall. Defendant Davis also failed to put the secondary lock on the handcuffs which resulted in the handcuff clamping too tightly and digging deeply into Plaintiff's wrist. Defendant Davis then directed Plaintiff to enter the van. Despite knowing that inmates regularly injure themselves entering and exiting the van, defendant Davis did not warn Plaintiff to watch his step or otherwise caution Plaintiff about the danger. As Plaintiff attempted to enter the van, he slipped and fell violently. Defendant Davis did not make any attempt to break Plaintiff's fall, or otherwise to ensure Plaintiff's safety, as is prison policy. When correctional officer Bliesner arrived on the scene and asked what happened, defendant Davis said with a smile, "He slipped and fell, you know how this van is, it gets nearly everyone that gets in or out of it." Plaintiff was taken to the medical facility when an examination indicated that the fall had caused two broken ribs, a bruised

right shoulder, a deep laceration on his lower left leg that caused acute pain and heavy bleeding, and a severely bruised right wrist due to defendant Davis failing to put the secondary lock on the handcuffs. Plaintiff filed an administrative grievance regarding defendant Davis's deliberate indifference to his safety. Subsequently, Plaintiff was retaliated against by the cancellation of the regularly scheduled medical appointments for his chronic medical condition, advanced cirrhosis of the liver. Due to his injuries, Plaintiff was also forced to quit his job as a yard crew corker.

The complaint also states that Plaintiff is suing John Does Nos. 1, 2, 3, and 4. "John Doe" or "Jane Doe" is a fictitious name used in legal proceedings when the true name of the party is unknown or intentionally concealed. However, it appears that Plaintiff knows the identities of some of the John Doe defendants. Specifically, Plaintiff has identified John Doe No. 2 as defendant Davis, and John Doe No. 3 as officer Bliesner. If Plaintiff knows a defendant's true name, he should refer to the defendant by his or her true name, and not refer to him or her as John Doe or Jane Doe.

### C.     Ordering Partial Service

Liberally construed, Plaintiff has stated a cognizable Eighth Amendment claim against defendant D. Davis for deliberate indifference to his safety. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The failure of prison officials to protect inmates from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference. *See id.* at 837.

However, the complaint does not state a cognizable First Amendment retaliation claim because it does not identify who cancelled Plaintiff's medical appointments and how Plaintiff knows that the cancellation was because of his grievances. The Court DISMISSES the First

3

1 Amendment retaliation claim with leave to amend to identify the correctional officers who
2 cancelled Plaintiff's medical in retaliation for filing a grievance. To assist Plaintiff in stating a
3 cognizable First Amendment retaliation claim, the Court reviews the elements of a First
4 Amendment retaliation claim. "Within the prison context, a viable claim of First Amendment
5 retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action
6 against an inmate (2) because of (3) that prisoner's protected conduct, and that such action
7 (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not
8 reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68
9 (9th Cir. 2005) (footnote omitted). Protected conduct includes using established prison grievance
10 procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995).

11 The Court DISMISSES the John Doe defendants from this action for the following
12 reasons. First, although John Doe Nos. 1 and 3 were present when Plaintiff was injured, Plaintiff
13 has not explained how these defendants were deliberately indifferent to his safety, in violation of
14 the Eighth Amendment. There are no allegations regarding John Doe No. 4.[1] In addition, the use
15 of "John Doe" to identify a defendant is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*,
16 629 F.2d 637, 642 (9th Cir. 1980). The Court's general practice is to dismiss Doe defendants
17 without prejudice to a plaintiff conducting discovery to identify the unknown defendants and then
18 filing a motion requesting leave to amend the complaint to name the intended defendants and to
19 issue summons upon them. *See Gillespie*, 629 F.2d at 642. If Plaintiff wishes to sue the
20 correctional officials present at the time of his injury, he should first ascertain their identities.
21 After identifying them, Plaintiff may request leave to amend his complaint to add these
22 defendants.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The following defendant(s) shall be served: Pelican Bay State Prison correctional

---

[1] In the body of the complaint, Plaintiff also refers to two other Doe defendants: Jane Doe Nos. 1 and 2, who are, respectively, the nurse and doctor who examined him after the fall. ECF No. 1 at 6. However, it does not appear that Plaintiff seeks to sue these individuals, as he does not accuse them of any wrongdoing.

4

officer D. Davis.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (ECF No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. The complaint states a cognizable Eighth Amendment claim against defendant D. Davis for deliberate indifference to Plaintiff's safety on June 12, 2023.

3. The Court DISMISSES the First Amendment retaliation claim with leave to amend, and DISMISSES the Doe defendants from this action without prejudice. If Plaintiff wishes to file an amended complaint, Plaintiff shall file an amended complaint within twenty-eight (28) days of the date of this order that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 24-cv-03187 JST (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint,

1    Plaintiff must answer all the questions on the form in order for the action to proceed. An amended
2    complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d
3    896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the
4    claims he wishes to present and all of the defendants he wishes to sue, including the claim(s)
5    found cognizable above and the defendant(s) served above. Plaintiff may not incorporate material
6    from the prior complaint by reference. Failure to file an amended complaint in accordance with
7    this order in the time provided will result in ECF No. 1 remaining the operative complaint and this
8    action proceeding solely on the claim(s) found cognizable above and the defendant(s) ordered
9    served above. The Clerk shall include two copies of the court's complaint form with a copy of
10   this order to Plaintiff.

11       4.    In order to expedite the resolution of this case, the Court orders as follows:

12           a.    No later than 91 days from the date this order is filed, Defendant(s) must
13   file and serve a motion for summary judgment or other dispositive motion. If Defendant(s) is(are)
14   of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform
15   the Court prior to the date the motion is due. A motion for summary judgment also must be
16   accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what
17   is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.
18   2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be
19   served concurrently with motion for summary judgment).[2]

20           b.    Plaintiff's opposition to the summary judgment or other dispositive motion
21   must be filed with the Court and served upon Defendant(s) no later than 28 days from the date the
22   motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment
23   provided later in this order as he prepares his opposition to any motion for summary judgment.
24   Defendant(s) shall file a reply brief no later than 14 days after the date the opposition is filed. The

---

[2] If Defendant(s) assert(s) that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant(s) must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

1  motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on
2  the motion.

3      5.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the
4  Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must
5  do in order to oppose a motion for summary judgment. Generally, summary judgment must be
6  granted when there is no genuine issue of material fact – that is, if there is no real dispute about
7  any fact that would affect the result of your case, the party who asked for summary judgment is
8  entitled to judgment as a matter of law, which will end your case. When a party you are suing
9  makes a motion for summary judgment that is properly supported by declarations (or other sworn
10 testimony), you cannot simply rely on what your complaint says. Instead, you must set out
11 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
12 as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and
13 documents and show that there is a genuine issue of material fact for trial. If you do not submit
14 your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
15 If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v.*
16 *Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does
17 not excuse Defendants' obligation to serve said notice again concurrently with a motion for
18 summary judgment. *Woods*, 684 F.3d at 939).

19      6.      All communications by Plaintiff with the Court must be served on Defendants'
20 counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard
21 any document which a party files but fails to send a copy of to his opponent. Until Defendants'
22 counsel has been designated, Plaintiff may mail a true copy of the document directly to
23 Defendants but once Defendants are represented by counsel, all documents must be mailed to
24 counsel rather than directly to Defendants.

25      7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
26 No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required
27 before the parties may conduct discovery.

28      8.      Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the

1  Court informed of any change of address and must comply with the Court's orders in a timely
2  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
3  to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every
4  pending case every time he is moved to a new facility.

5        9.      Any motion for an extension of time must be filed no later than the deadline sought
6  to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that
7  he must include the case name and case number for this case on any document he submits to the
8  Court for consideration in this case.

9  **IT IS SO ORDERED.**

10 Dated:  December 23, 2024



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California