UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM FERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>D. DAVIS,<br><br>    Defendant. | Case No. 24-cv-03187-JST<br><br>**ORDER DENYING MOTION TO DISMISS; SETTING BRIEFING SCHEDULE**<br><br>Re: ECF No. 11 |

Plaintiff, an inmate currently housed at Pelican Bay State Prison ("PBSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court DENIES Defendant's motion to dismiss. ECF No. 11.

**DISCUSSION**

**I.    Complaint**

The complaint sues defendant Pelican Bay State Prison officer D. Davis. The complaint makes the following allegations. On June 12, 2023, defendant Davis directed Plaintiff to enter the institutional transport van while Plaintiff was in full body restraints, i.e. handcuffs on both wrists and waist-chains. The full body restraints prevented Plaintiff from having physical equilibrium and from being able to protect himself in the event of a fall. To enter the van, an inmate must ascend several high arching steps. The van lacks handrails to support passengers entering or exiting the van. The van also lacks signage warning passengers of potential injury from ascending or descending these stairs. Defendant Davis is aware that inmates regularly injure themselves entering or exiting the institutional transport van. Defendant Davis failed to warn Plaintiff to watch his step or inform Plaintiff that inmates regularly injure themselves on these stairs. As Plaintiff attempted to enter the van, he slipped and fell violently. Defendant Davis did not attempt

to break Plaintiff's fall.  When another officer asked what happened, defendant Davis responded, "He slipped and fell, you know how this van is, it gets nearly everyone that gets in or out of it." The fall left Plaintiff with two broken ribs, a bruised right shoulder, and a deep laceration on his lower left leg that caused acute pain and heavy bleeding. Defendant Davis's actions and inactions constituted deliberate indifference to Plaintiff's safety, in violation of the Eighth Amendment.  *See generally* ECF No. 1.

**DISCUSSION**

**I.     Motion to Dismiss**

**A.     Legal Standard**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party.  *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).  Notwithstanding this deference, the reviewing court need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint, *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009), and need not accept as true legal conclusions cast in the form of factual allegations, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

**B.     Analysis**

Defendant Davis argues that the complaint should be dismissed for the following reasons.  First, he argues that the complaint alleges a "slip-and-fall" claim which, as a matter of law, fails to state a cognizable Eighth Amendment claim in the absence of exacerbating circumstances.  In support of this argument, defendant Davis cites to the following cases:  *Pauley v. Calif.*, C No.

2:18-cv-2595, 2018 WL 5920780, at *4-5 (E.D. Cal. Nov. 13, 2018); *Brown v. Basher*, C No. 10-cv-0479, 2012 WL 639446 (E.D. Cal. Feb. 27, 2012); *Wallace v. Haythorne*, C No. 06-cv-1697, 2007 WL 3010755, at *2-4 (E.D. Cal. 2007); *Wallace v. Sherman*, C No. 1:20-cv-00213, 2020 WL 4193968, at *2-5 (E.D. Cal. July 21, 2020), *report and recommendation adopted*, C No. 1:20-cv-00213, 2020 WL 5237603 (E.D. Cal. Sept. 2, 2020); *Curry v. Tilton*, C No. 07-cv-0775, 2012 WL 967062, at *14 (N.D. Cal. Mar. 21, 2012); and *Denton v. Bala*, C No. 13-cv-1374, 2013 WL 2931897, at *3 (N.D. Cal. June 13, 2013). The complaint fails to allege facts showing exacerbating conditions that posed a substantial risk of serious harm to Plaintiff's safety and that defendant Davis disregarded such risk. Second, in the alternative, Davis is entitled to qualified immunity because the law is not clearly established that directing a prisoner to ascend steps onto a transport van while in restraints posed a sufficiently serious risk to that prisoner's safety. *See generally* ECF No. 11.

Plaintiff responds that he has pled exacerbating circumstances and that defendant Davis demonstrated deliberate indifference, thereby distinguishing this case from *Curry* and *Tilton*. Further, *Brown*, *Haythorne*, and *Curry* are distinguishable because they were decided at summary judgment. Finally, Defendant Davis is not entitled to qualified immunity for two reasons. First, *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998), clearly establishes that a prison official violates the Eighth Amendment prohibition on deliberate indifference to inmate safety when (1) the prison official is fully aware of unsafe conditions, makes no attempt to protect Plaintiff from the unsafe condition, and is not acting negligently, and (2) the prisoner is in full body restraints and unable to provide for his own safety. Second, there is an issue of fact as to whether defendant Davis was aware of, and disregarded, a risk to Plaintiff's safety when Plaintiff ascended the stairs to the transport vehicle. *See generally* ECF No. 14.

The Court DENIES defendant Davis's motion to dismiss. While several district courts have opined on the issue, no controlling authority holds as a matter of law that failure to take adequate precautions against falling down stairs is not an Eighth Amendment violation, and several courts have held otherwise. In *Covert v. Graham*, for example, plaintiff complained to correctional officers that they had provided shoes that were too large, but they failed to provide

shoes that were the correct size. While plaintiff was descending some stairs, his ill-fitting shoes caused him to trip and fall. Plaintiff lost consciousness and suffered numerous lacerations. Following the injury, he continued to suffer from damage to his neck, back, right shoulder, and vision. The *Covert* court held that "Plaintiff's allegations present a cognizable claim of deliberate indifference to his safety against Defendants Harrison and Graham stemming from their failure to provide him with properly-fitting shoes." *Covert v. Graham*, No. C 06-6626 SBA (PR), 2009 WL 2882871, at *3 (N.D. Cal. Sept. 1, 2009). In *Vaughan v. Cnty. of San Bernardino*, plaintiff was chained at the hands, waist, and feet. He fell down a flight of stairs when his sandal slipped off, causing him to lose his balance. He attempted to reach for the handrail as he was falling, but he was unsuccessful. He suffered a dislocated shoulder. The court denied defendants' summary judgment motion, holding that a triable issue of fact—that must be decided by a jury—existed as to whether defendants subjected plaintiff to a substantial risk of serious harm. *Vaughan v. Cnty. of San Bernardino*, No. CV1201432MMMSPX, 2013 WL 12471115, at *8 (C.D. Cal. Nov. 6, 2013). In *Lee v. Lopez*, plaintiff alleged that a correctional officer ordered plaintiff to climb a flight of stairs while handcuffed behind his back, and unescorted. Plaintiff slipped and fell down the flight of stairs, striking his head on a metal railing and losing consciousness. The court held that plaintiff had sufficiently alleged the objectively serious harm required for a claim of deliberate indifference. *Lee v. Lopez*, No. 1:11-CV-01018-LJO, 2012 WL 4433750, at *1 (E.D. Cal. Sept. 24, 2012).

The Court is persuaded by these cases that Plaintiff states a claim for deliberate indifference. Accepting the allegations of the complaint, Defendants were aware of the substantial risk of injury presented by the transport vehicle stairs but took no precautions to prevent that injury.

## CONCLUSION

For the reasons set forth above, the Court DENIES defendant Davis's motion to dismiss. ECF No. 11. The Court sets the following briefing schedule. Within ninety (90) days of the date of this order, Defendant shall file his dispositive motion. Plaintiff's opposition to Defendant's motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed. Defendant shall file a reply brief no later than 14 days after the date the

4

1  opposition is docketed in the Court's electronic filing system.  The motion will be deemed
2  submitted on the date the reply brief is due.
3      This order terminates ECF No. 11.
4  **IT IS SO ORDERED.**
5  Dated:  September 4, 2025



                    JON S. TIGAR
              United States District Judge